Filed 5/16/16  In re Aaron L. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re AARON L., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B262109 (Super. Ct. No. KJ39006) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AARON L.,<br><br>    Defendant and Appellant. | |

Aaron L, a minor, appeals the juvenile court's order sustaining a delinquency petition and declaring him a ward of the court based on allegations he committed second degree robbery (Pen. Code, § 211[1]) and personally used a deadly or dangerous weapon, i.e., a knife (§ 12022, subd. (b)(1)).  (Welf. & Inst. Code, § 602.)  The court ordered him placed in a camp community placement program and set a maximum confinement time of six years.  Appellant contends the evidence

---

[1] All statutory references are to the Penal Code unless otherwise stated.

is insufficient to support the finding that he personally used a knife in committing the robbery. We affirm.

FACTS AND PROCEDURAL HISTORY

On November 1, 2014, Dominic Ahumado was working at a convenience market in Baldwin Park. He was standing outside the market near closing time when a car pulled up to the side of the parking lot. Appellant, another male, and a female got of the car and stared at Ahumado until he went back inside. As Ahumado was preparing to lock the front door and leave, appellant grabbed him from behind and poked him in the side with an object. Appellant pushed Ahumado against the door and yelled, "Don't fucking move. It's a robbery." In the reflection of the glass door, Ahumado could see that appellant was holding a switchblade knife at Ahumado's chest. Ahumado looked at a security mirror and saw another male take an 18-pack of Tecate beer from the market's refrigerator. Appellant tried to throw Ahumado to the ground before appellant and his companion ran away with the beer. A surveillance video of the incident was played for the jury.

Ahumado called 911. The police officer who responded to the call was driving toward the market when he saw appellant, another male, and a female walking on the street and carrying an18-pack of Tecate. The officer got out of his vehicle and appellant and his companions started running. The officer yelled for them to stop. Appellant's companions complied but he kept running. He tried to hide behind a fence and was apprehended.

DISCUSSION

Appellant contends the evidence is insufficient to support the finding that he personally used a dangerous or deadly weapon in committing the robbery against Ahumado. We disagree.

In reviewing claims of insufficient evidence, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to

2

determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (2015) 60 Cal.4th 966, 988; *People v. Jackson* (2014) 58 Cal.4th 724, 749.) We do not redetermine the weight of the evidence or the credibility of witnesses. (*People v. Albillar* (2010) 51 Cal.4th 47, 60; *People v. Young* (2005) 34 Cal.4th 1149, 1181 ["Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact"].) We must accept logical inferences that the jury might have drawn from the evidence although we would have concluded otherwise. (*People v. Streeter* (2012) 54 Cal.4th 205, 241, disapproved on other grounds as stated in *People v. Harris* (2013) 57 Cal.4th 804, 834.) "If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*Albillar*, at p. 60.)

"Section 12022, subdivision (b), states, in pertinent part: 'Any person who personally uses a deadly or dangerous weapon in the commission of a felony . . . shall be punished by an additional and consecutive term of imprisonment in the state prison for one year . . . .' The statute does not define 'deadly or dangerous weapon.' To find a section 12022, subdivision (b) allegation true, the fact finder must conclude that the defendant himself intentionally displayed an instrument capable of inflicting great bodily injury or death in a menacing manner during the crime. [Citation.]" (*In re Bartholemew D.* (2005) 131 Cal.App.4th 317, 322.) "'"When it appears . . . that an instrumentality . . . is capable of being used in a 'dangerous or deadly' manner, and it may be fairly inferred from the evidence that its possessor intended on a particular occasion to use it as a weapon should the circumstances require, . . . its character as a 'dangerous or deadly weapon' may be thus established, at least for the purposes of that occasion."'" (*People v. Page* (2004) 123 Cal.App.4th 1466, 1471.)

3

Appellant does not dispute that a knife can qualify as a deadly or dangerous weapon. He claims, however, that the evidence failed to establish beyond a reasonable doubt that the object he pressed against Ahumado's chest was a knife because Ahumado "guessed it was a knife." He also contends the evidence fails to prove he displayed the object in a menacing manner because he did not "show it to" Ahumado. According to appellant, he "may have chosen not to display the object in his hand because it was not a real knife or other kind of weapon." (Italics omitted.)

Neither of these claims is persuasive. Contrary to appellant's claim, Ahumado did not merely "guess" that the item pressed against his chest was a knife. Although he said that he "guessed" it was a switchblade, he reached that conclusion based on the fact that he used to have a switchblade and could see that this knife had a "point" indicating that "[i]t had to be one of those knives that come up from the side that you could pocket . . . ." Ahumado's testimony that appellant held a knife against him is also corroborated by the video of the incident, which we have reviewed. "If a picture is worth a thousand words, a moving picture is worth a million." (*People v. Webb* (1999) 74 Cal.App.4th 688, 690.) Moreover, it is of no moment whether appellant intended to show the knife to Ahumado or whether Ahumado actually saw it. Appellant pressed the knife against Ahumado's body, and Ahumado was able to perceive he was doing so. The evidence, viewed in the light most favorable to the judgment, is plainly sufficient to sustain the true finding on the personal deadly weapon use allegation. (See *People v. Turner* (1983) 145 Cal.App.3d 658, 684–685 ["A weapon/firearm is 'used' when the defendant means to display it in a menacing manner or intentionally to strike at a human being with it"]; disapproved on another point in *People v. Majors* (1998) 18 Cal.4th 385, 411; see also *People v. Jacobs* (1987) 193 Cal.App.3d 375, 381 [firearm is "used" within

4

meaning of section 12022.5 if victim senses its presence and there is threat of use sufficient to produce fear of harm].)

      The judgment is affirmed.

      <u>NOT TO BE PUBLISHED.</u>


                    PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Geanene M Yriarte, Judge

Superior Court County of Los Angeles
_____


Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.